**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEREMIAH BANKS, | ) Case No. EDCV 21-0051-JWH (JPR) |
| Petitioner, | ) |
| v. | ) ORDER ACCEPTING FINDINGS AND ) RECOMMENDATIONS OF U.S. ) MAGISTRATE JUDGE |
| DAVID HOLBROOK, Warden, | ) |
| Respondent. | ) |

The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636(b)(1). Petitioner filed objections to the R. & R. on October 27, 2021; Respondent did not reply.

Most of Petitioner's objections raise arguments that were convincingly rejected in the R. & R., particularly concerning why grounds one and two of the Petition must be dismissed with prejudice. For example, he contends that the R. & R. erroneously concluded that his Confrontation Clause claim in ground two was procedurally barred because the trial court understood counsel's objection to admission of the victim's out-of-court statements to be based on both hearsay and Confrontation Clause grounds. (See Objs. at 20-21.) But Petitioner acknowledges that the portion of the transcript he cites shows that counsel declined to assert a Confrontation Clause objection when the trial court explicitly asked him if he was objecting on that basis. (See id. at 21 (quoting 4 Rep.'s Tr. at 745 as counsel replying that he would "leave it up to the appellate court to decide" when asked if he was objecting on hearsay or Confrontation Clause grounds).) The state court reasonably interpreted any Confrontation Clause claim as forfeited. (See Mot. Dismiss, Ex. 4 at 12-13.) Thus, this objection is meritless.[1]

---

[1] In any event, even if counsel had objected on Confrontation Clause grounds, the objection would have been futile because, as related in the R. & R., the victim testified and was subject to cross-examination. (See R. & R. at 12.) There is no merit to Petitioner's argument that his Confrontation Clause rights were nonetheless violated because the victim's out-of-court statements were admitted after she testified and had been excused. (See Objs. at 21.) As the Supreme Court has explained, "when the declarant

2

        A few of Petitioner's objections concerning his request for a stay under Rhines v. Weber, 544 U.S. 269 (2005), warrant discussion.  He argues that good cause exists for his failure to exhaust grounds three through nine because prison officials retaliated against him for engaging in protected conduct and because he suffered a debilitating knee injury.  (See Objs. at 4-5.)  Both of those things occurred long before he filed his Petition: the alleged acts of retaliation and misconduct took place before October 2020 (see id. at 5-6), and Petitioner's knee injury, which allegedly happened in June 2019, required him to use crutches only until November 2019 (see id. at 4).  But as explained in the R. & R. (see R. & R. at 15), he has likely shown good cause for his failure to exhaust up until January 8, 2021, when he filed his federal Petition.  Thus, it is of no consequence that newly alleged facts may show good cause before that date.  None of his allegations concerning the purported retaliation or his knee injury explain why he has failed to exhaust grounds three through nine in the 15 months since filing the Petition.  Indeed, to this day, he has still not even attempted to exhaust them.  See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov (searches for "Jeremiah"

---

appears for cross-examination at trial, the Confrontation Clause places no constraints at all on the use of [her] prior testimonial statements."  Crawford v. Washington, 541 U.S. 36, 59 n.9 (2004).  Moreover, no clearly established Supreme Court authority exists governing Petitioner's claim, and therefore it necessarily fails.  See King v. Frauenheim, No. 14-cv-05267-SI, 2016 WL 4425093, at *17-19 (N.D. Cal. Aug. 19, 2016) (so finding on facts nearly identical to those here and noting that because footnote 9 of Crawford is ambiguous and the Supreme Court has not clarified it, no clearly established law exists).

with "Banks" in fourth appellate district and supreme court yielding no relevant results) (last visited April 23, 2022).

Petitioner's TABE score (see Objs. at 4) is likewise insufficient to show good cause for his failure to exhaust — or even attempt to exhaust — grounds three through nine in the last 15 months. Although a prison record shows that he has an 8.3 TABE score, equivalent to an eighth-grade education, the same record states that he does not have a mental impairment impacting his ability to communicate. (See Objs., Ex. A); Moore v. Kernan, No. 2:17-cv-2080 MCE KJN P, 2018 WL 3322910, at *5 (E.D. Cal. July 5, 2018) (declining petitioner's request for Rhines stay when he had fifth-grade education); Hernandez v. California, No. C 08-4085 SI (pr)., 2010 WL 1854416, at *2 (N.D. Cal. May 6, 2010) (same when petitioner had sixth-grade education).

And even if he could establish a mental impairment, it nevertheless did not affect his ability to exhaust his state-court remedies. On the contrary, he filed his original Petition, a motion to stay, and an amended motion to stay in this Court despite his TABE score. Cf. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that district court did not err in denying petitioner equitable tolling based on alleged mental impairment when he was able to file state habeas petitions during period for which he sought tolling). Although he insists that he was able to do so only with the assistance of a fellow inmate (see Objs. at 6-7), he apparently filed his amended motion to stay without assistance (see Objs. at 7 ("Due to the COVID-19 restrictions and lack of access to the law library, I was unable to communicate with Inmate Ingram . . . ."), 23 ("Petitioner here

argues that he has established good cause because he was unable to effectively access or utilize . . . the services of his inmate legal assistant due to the prison's response to the extraordinary global COVID pandemic due to quarantine protocols and his subsequent repeated transfers.")).  The amended stay motion is supported by multiple case citations and includes cogent legal arguments.  His apparently self-filed objections likewise present well-framed arguments and are supported by case citations and relevant exhibits.[2]  In any event, losing an inmate assistant is not sufficient to show good cause. See Diederich v. Paramo, No. EDCV 17-00153-GW (JDE), 2017 WL 9538858, at *14 (C.D. Cal. Sept. 19, 2017) ("Petitioner's allegation that he had to rely on a 'jailhouse lawyer' is insufficient to establish good cause for his failure to timely exhaust his new claims" (collecting cases)); see also Labon v. Martel, No. CV 14-6500-DSF (RNB)., 2015 WL 1321533, at *7 (C.D. Cal. Mar. 17, 2015) ("The fact that petitioner . . . lacked legal assistance does not constitute good cause for petitioner's delay in exhausting his state remedies."); cf. Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (loss of inmate helpers who were "transferred or too busy" not sufficient for equitable tolling).  In short, he has not shown that his TABE score or lack of inmate assistance constituted good cause for his failure to exhaust grounds three

---

[2] Petitioner was also able to send correspondence to prison officials and the state appellate court without assistance while the COVID-19 protocols were in place.  (See Objs. at 23 (alleging that he wrote "prison officials over and over again," notified appellate court of changed circumstances, and obtained requested materials from appellate court).)

through nine.

Similarly, he cannot establish good cause simply because he is "a layperson, untrained in the law." (Objs. at 3.) Ignorance of the law does not constitute "good cause" for a <u>Rhines</u> stay. <u>Cf.</u> <u>Blake v. Baker</u>, 745 F.3d 977, 981 (9th Cir. 2014) (ignorance of whether claim was exhausted not good cause); <u>see also</u> <u>Mitchell v. Hedgepeth</u>, No. CV 08-562 RGK (FFM), 2015 WL 8567384, at *4 (C.D. Cal. Aug. 14, 2015) ("ignorance of the law does not constitute good cause" (collecting cases)), <u>accepted by</u> 2015 WL 8664149 (C.D. Cal. Dec. 11, 2015); <u>Patton v. Beard</u>, No. 14-CV-569-BEN (BLM)., 2015 WL 1812811, at *5 (S.D. Cal. Apr. 20, 2015) (petitioner's being "layman at law" not good cause (collecting cases)).

Finally, Petitioner's new allegations concerning the prison's COVID-19 protocols (<u>see</u> Objs. at 6, 24-25) are insufficient to establish the requisite good cause for a <u>Rhines</u> stay. Most of those allegations concern dates before he filed his Petition. (<u>See</u> <u>id.</u> (stating that COVID-19 protocols in effect in November and December 2020 limited his access to law library, legal materials, and inmate assisting him) & Ex. M.) But as related above, the Court has already determined that good cause likely existed during that time and up until he filed his Petition, in January 2021. And none of his allegations concerning the time after that justify a <u>Rhines</u> stay. Indeed, although he maintains that the prison limited his access to the law library and the inmate assisting him in January and February 2021 (<u>see</u> <u>id.</u> at 7-8, 25), he nevertheless was able to file not only the Petition and a motion to stay but also an amended motion

to stay during that same time.³ Moreover, he concedes that during all relevant times, the prison implemented a paging system whereby prisoners could have legal materials delivered to their cells.⁴ (See id. at 7.) Putting that aside, he admits that the protocols were lifted or eased on March 1, 2021, and that access to the law library was restored (see id. at 25), but he has not even attempted to exhaust his unexhausted claims during the more than nine months since then. And in that time, he was able to file an opposition to Respondent's motion to dismiss as well as extensive objections to the R. & R., with numerous exhibits. Put simply, Petitioner has not shown that the prison's COVID-19 protocols prevented exhaustion of grounds three through nine or constitute good cause for a Rhines stay.

Having reviewed de novo those portions of the R. & R. to which Petitioner objects, see 28 U.S.C. § 636(b)(1)(C), the Court accepts the findings and recommendations of the Magistrate Judge. IT THEREFORE IS **ORDERED** that Respondent's motion to dismiss is **GRANTED**, Petitioner's requests for a stay are **DENIED**, and

---

³ In his Objections, Petitioner suggests that he did not file the Petition or the initial stay motion; rather, his inmate assistant did without his immediate knowledge. (See Objs. at 6-7.) But Petitioner does not disclaim or renounce the Petition or stay motion; instead, he appears to adopt them as his own.

⁴ Petitioner offers somewhat inconsistent explanations for why he did not use the paging system. On the one hand, he claims that prison officials refused to bring or collect legals materials. (See Objs. at 25.) On the other, he says he feared contracting COVID-19 so much that he self-isolated. (See id. at 7.) In any event, he provides no evidence that he ever requested materials through that system. See Blake, 745 F.3d at 982 (explaining that "a bald assertion cannot amount to a showing of good cause," whereas "a reasonable excuse, supported by evidence," will).

Judgment should be entered denying the Petition and dismissing grounds one and two with prejudice and grounds three through nine without prejudice.

**IT IS SO ORDERED.**

DATED: April 26, 2022



JOHN W. HOLCOMB
U.S. DISTRICT JUDGE